Dear Mr. Brignac:
Our office received an opinion request from you concerning issues related to Louisiana's Open Meetings Law. Your letter states that a citizen would like to discuss several issues at a meeting of the Board of Aldermen, and that on this citizen's behalf, a few Aldermen have attempted to put issues on the agenda for discussion. However, the Mayor continues to remove those items from the agenda based on La. Atty. Gen. Op. No. 03-0288, which states that "the mayor has the authority to review and to change meeting agendas and that the mayor has the final authority over what is and what is not placed on the agenda." Your letter asks for some clarification as to the level of control the Mayor has over setting the agenda.
When previously asked to clarify La. Atty. Gen. Op. No. 03-0288 in La. Atty. Gen. Op. No. 05-0145, our office stated that pursuant to La.R.S.33:404(A)(9)[1], "the mayor has the power to adopt procedures for placing items on the meeting agenda and for conducting meetings of the board as long as these procedures are in conformity with ordinances adopted by the board of aldermen."
Our office has previously recognized that the Board of Aldermen (Board) in a Lawrason Act community "may by resolution adopt rules for participation in meetings and the Mayor would be bound by these rules, but as long as there are no rules, and by insuring equal protection for participants, the Mayor may control the participation as the *Page 2 
presiding officer." La. Atty. Gen. Op. No. 94-277. No facts have been provided to our office indicating that rules for participation have been adopted by the Board.
If there are no adopted rules for participation in their meetings, it appears the Mayor may set the pre-meeting agenda and include or not include items as he/she sits fit. Regardless of whether there are adopted rules for participation, if an Alderman wished to add an item not on the agenda, the Alderman is permitted to do so, provided the proper procedure for adding an item not on the agenda is followed, as more fully explained below. This procedure is set forth in La.R.S.42:7(A)(1)(b)(i)-(ii):
 All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
 Such notice shall include the agenda, date, time, and place of the meeting, provided that upon unanimous approval of the members present at a meeting of a public body, the public body may take up a matter not on the agenda. Any such matter shall be identified in the motion to take up the matter not on the agenda with reasonable specificity, including the purpose for the addition to the agenda, and entered into the minutes of the meeting. Prior to any vote on the motion to take up a matter not on the agenda by the public body, there shall be an opportunity for public comment on any such motion in accordance with R.S. 42:5
or 5.1. The public body shall not use its authority to take up a matter not on the agenda as a subterfuge to defeat the purposes of R.S. 42:4.1 through 8.
The Mayor has the power to preside over the meetings, as expressly provided for in La.R.S. 33:405(A)(1), but if an Alderman wished to add an item to the agenda, proposed a motion to do so, and the Board unanimously agreed to add such item, it could be added to the agenda, provided there is an opportunity for public comment prior to any vote on the matter. It is beyond the control of the Mayor to limit such addition if the Board votes to add an item not on the agenda. See La. Atty. Gen. Op. No. 94-277.
As to the issue of whether a citizen has the power to add items to the agenda, our office has previously opined, "[t]here is no requirement that the public be allowed to directly interact with the public body and include agenda items for its meetings. Setting the agenda is a matter of internal procedure which may be determined by the Mayor or Board." La. Atty. Gen. Op. No. 94-152. (Citing La. Atty. Gen. Op. No. 90-541.) Although La.R.S. 42:5 clearly provides for public comment, this right has been interpreted to apply only to a public body's consideration and deliberation of agenda items. See La. Atty. Gen. Op. No. 01-367.
In summary, although the Mayor has the power to preside over meetings of the Board, the Board may adopt rules for participation in meetings. Additionally, if the Board *Page 3 
unanimously votes to add an item not on the agenda for discussion, the Mayor cannot prohibit them from discussing such item. Although a citizen has the right to give public comment at a public meeting, there is no requirement that the citizen be allowed to add items to the agenda for discussion.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 Emalie A .Boyce
 By: __________________________
 Assistant Attorney General
 JDC: EAB
[1] La.R.S. 33:404(A)(9) states that the mayor shall have "any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by general law."